# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ERFINDERGEMEINSCHAFT UROPEP GbR, | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Case No. 2:15-CV-1202-WCB |
| ELI LILLY AND COMPANY, | | |
| *Defendant*. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Eli Lilly & Company's ("Lilly") Unopposed Motion to Seal, Dkt. No. 178, and plaintiff Erfindergemeinschaft Uropep GbR's ("Uropep") Unopposed Motion to Seal, Dkt. No. 185. Lilly's motion is DENIED, and Uropep's motion is GRANTED IN PART and DENIED IN PART. Both denials are without prejudice to the parties' right to refile their motions upon a compelling showing of particularized need to seal certain portions of the subject material.

## BACKGROUND

Lilly filed dispositive motions and motions to strike expert testimony on January 17, 2017. Dkt. Nos. 172-75. Although the motions were not filed under seal, Lilly moved to file two attachments to these motions, Exhibits 11 and 18, under seal. Dkt. No. 178. Exhibit 11 is the expert report of Christopher A. Vellturo, Ph.D. Dkt. No. 179-1. Exhibit 18 is an excerpt of Dr. Vellturo's deposition. Dkt. No. 179-2. Lilly claims there is good cause to file these exhibits under seal because they "contain[] highly confidential information related to Lilly's revenues and highly confidential information related to Uropep's license agreements." Dkt. No. 178, at 1.

Relatedly, Uropep's response to one of Lilly's motions, Dkt. No. 184 (<u>Plaintiff Uropep's Opposition to Defendant's Motion to Exclude Certain Opinions of Uropep's Damages and Technical Experts</u>), was not filed under seal but included two exhibits that were. Exhibit 2 is a lengthy excerpt from Dr. Vellturo's expert report. Dkt. No. 186-1. Exhibit 3 is a short excerpt from the expert report of John C. Jarosz. Dkt. No. 186-2. Uropep moved to seal these two exhibits on the ground that "the reports contain the parties' confidential information." Dkt. No. 185, at 1.

**DISCUSSION**

The Supreme Court has recognized the existence of a "general right to inspect and copy public records and documents, including judicial records and documents." <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 (1978); <u>see also</u> <u>In re Violation of Rule 28(d)</u>, 635 F.3d 1352, 1356 (Fed. Cir. 2011); <u>S.E.C. v. Van Waeyenberghe</u>, 990 F.2d 845, 848 (5th Cir.1993). In fact, "[t]here is a strong presumption in favor of a common law right of public access to court proceedings." <u>United States v. Holy Land Found. for Relief & Dev.</u>, 624 F.3d 685, 690 (5th Cir. 2010); <u>In re Violation of Rule 28(d)</u>, 635 F.3d at 1356.

To be sure, the "right to inspect and copy judicial records is not absolute," <u>Nixon</u>, 435 U.S. at 598, and the presumption in favor of public access to court records can be overcome in certain instances. For example, courts have denied public access to court records when necessary to ensure that those records "are not 'used to gratify private spite or promote public scandal,'" or "as sources of business information that might harm a litigant's competitive standing." <u>Id.</u>

The decision whether to allow public access to court records is left to the "sound discretion of the trial court . . . to be exercised in light of the relevant facts and circumstances of

the particular case." Nixon, 435 U.S. at 599. The exercise of that discretion is not unguided, however. "In determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'" In re Violation of Rule 28(d), 635 F.3d at 1357 (quoting Nixon, 435 U.S. at 602). And in making a decision as to whether to limit public access to court records, a judge must be cognizant of the fact that "[p]ublic access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." Van Waeyenberghe, 990 F.2d at 850 (alteration in original); see also id. ("The real focus of our inquiry is on the rights of the public in maintaining open records and the 'check[] on the integrity of the system.'" (quoting Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)). For that reason, the courts have held that the district court's "discretion to seal the record of judicial proceedings is to be exercised charily," Van Waeyenberghe, 990 F.2d at 848, and the "decision must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public,'" Holy Land, 624 F.3d at 690.

The principles governing the sealing of court materials have been applied differently in different settings. Where the materials relate to dispositive issues in the case, the interest in disclosure is at its greatest. It is in that setting that the burden on the party seeking to bar disclosure is the heaviest, and moving party is accordingly required to make a compelling showing of particularized need to prevent disclosure. See Center for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Where the materials relate to non-dispositive issues, the interest in disclosure is less compelling. In particular, the materials filed in connection with discovery disputes unrelated to the merits of the case have been identified as

the kinds of court materials for which there is not a compelling need for public disclosure; the presumption of disclosure has therefore been held inapplicable in that setting. See Foltz v. State Farm Mut. Auto Ins. Co., 333 F.3d 1122, 1135 (9th Cir. 2003); Chicago Tribune Co. v. Bridgestsone/Firestone, Inc., 263 F.3d 1304, 1312-13 (11th Cir. 2001); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164-65 (3d Cir. 1993). Finally, materials such as discovery that is exchanged between the parties and not made part of a court filing are typically not regarded as court materials at all and are therefore not subject to the public interest in open judicial proceedings. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) (discovery is largely "conducted in private as a matter of modern practice," so the public is not presumed to have a right of access to it); Baxter Int'l Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the public record."); United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach."); Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir. 1986) ("There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process."); In re Sealing and Non-Disclosure of Pen/Trap/2763(d) Orders, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008).

      The two motions to seal that are before the Court today fall in the first category, as they involve dispositive issues in the case. Accordingly, the presumption in favor of disclosure and the "compelling need" standard, both of which are applied to trial proceedings and materials such as dispositive motions, applies here. In this setting, the parties must make a compelling showing of particularized need to prevent disclosure.

The motions to seal are both very short. The parties assert that the exhibits at issue refer to "highly confidential information related to Lilly's revenues" or "Uropep's license agreements," or simply to "confidential information." No further representations as to the nature of the materials or the need to protect them from disclosure are set forth in either motion to seal.

The parties have not clearly set forth a compelling and particularized need to prevent disclosure, nor have they made any attempt to demonstrate what specific prejudice or harm will result if the exhibits at issue are not sealed. As justification for the requests, they have simply asserted that certain materials are confidential (or at most "relate[]" to revenue information or licenses) and that documents referencing those materials should be sealed. The Court will require more than these conclusory statements in future motions to seal.

Nevertheless, the Court agrees that these two categories of information are entitled to protection from disclosure. See Apple Inc. v. Samsung Elecs. Co., Ltd., 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (recognizing "parties' strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information"); In re Violation of Rule 28(D), 635 F.3d at 1359 (noting district court granted motion to seal a license agreement because "the parties have legitimate, competitive and business interests in preventing public disclosure") (internal quotation marks omitted). To the extent such information appears in the exhibits at issue, it is entitled to be filed under seal.

Because such financial information constitutes a large part of the short excerpt of Mr. Jarosz's expert report attached to Uropep's response, the Court GRANTS IN PART Uropep's motion to seal as to that exhibit, Dkt. No. 186-2.

However, neither Dr. Vellturo's full expert report, Dkt. No. 179-1, nor the extensive excerpt of that report, Dkt. No. 186-1, consists entirely of confidential information. In addition,

the Court sees nothing about the license agreements and very few references to specific financial information in the excerpt of Dr. Vellturo's deposition. The Court therefore DENIES Lilly's motion to seal and DENIES IN PART Uropep's motion to seal as to the lengthy excerpt of Dr. Vellturo's expert report.

The parties may, however, refile their motions if they target specific portions of the materials at issue that qualify for sealed filing as protected financial or license agreement information. See Interspan Distrib. Corp. v. Liberty Ins. Underwriters, Inc., Civil Action No. H-07-1078, 2009 WL 2588733 (S.D. Tex. Aug. 21, 2009). Lilly may, for example, point out the specific sensitive financial information in Dr. Vellturo's expert report entitled to remain under seal and redact that information from the public version of that exhibit.

In the event the parties choose to refile, their motions should be filed within 7 days of the date of this order. The exhibits at issue (Dkt. Nos. 179-1, 179-2, and 186-1) will remain provisionally under seal until that time. If the parties choose not to refile, the Court will then direct the Clerk to unseal the exhibits.

IT IS SO ORDERED.

SIGNED this 1st day of February, 2017.

_William C. Bryson_
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE