# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERFINDERGEMEINSCHAFT UROPEP GBR,<br><br>  Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY<br><br>  Defendant. | Court File No.: 2:15-cv-01202-WCB<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT ELI LILLY & COMPANY'S
## NOTICE AND FURTHER AUTHORITY AS TO WHY NO WILLFULNESS INSTRUCTION SHOULD BE GIVEN TO THE JURY

Defendant Eli Lilly and Company ("Lilly") submits this notice and further authority opposing the issuance of a jury instruction on willful infringement. UroPep gave three primary reasons in response to Lilly's Rule 50 motion why a willfulness instruction should issue: (1) its lawyer sent a letter offering a license; (2) the '124 patent has, purportedly, a "very, very simple claim"; and (3) Lilly defended itself after UroPep filed suit. Jury Tr. (II) at 469:10-472:14. None of these reasons justifies a willfulness instruction.

First, a mere failure to respond to an offer of a license does not, without more, establish willful infringement. The Supreme Court has held that willful infringement means conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S. Ct. 1923, 1935 (2016). The letter in question does not even specify that Lilly was definitely infringing any claim of the '124 patent; rather, it states that "your sale of Cialis for BPH *appears to* require a license of the

'124 patent." PX2 (emphasis added). This general statement—followed by silence from UroPep—is not sufficient to support willfulness under *Halo*'s standard.

Second, whether the '124 patent has a "very, very simple claim" is not a basis for a jury instruction because claim construction is not an issue for the jury to decide. The jury does not determine the meaning of the '124 patent's asserted claim or whether it is simple or complex; those issues are for the Court. Moreover, the record in this case demonstrates that the '124 patent's claim is far from simple: there have now been two rounds of summary judgment briefing (the first round invited by the Court), including an additional round of claim construction and indefiniteness briefing that concluded only on March 3, 2017. If asserted claim 1 is a "very, very simple" claim, one would not want to encounter a claim that is "complicated."

Finally, UroPep's argument that Lilly's post-litigation defense of this lawsuit justifies a willful infringement instruction is not supported here. In ordinary circumstances, like this case, a claim for "willful infringement 'must necessarily be grounded exclusively in the accused infringer's *pre-filing conduct* … when an accuser's post-filing conduct is reckless, a patentee can move for a preliminary injunction.'" Ex. A at p. 7 (*Cooper Lighting, LLC v. Cordelia Lighting, Inc., et al.*, No. 1:16-cv-2669-MHC (N.D.Ga. April 6, 2017)) (quoting *Swipe Innovations LLC v. NCR Corp.*, No. 1:13-cv-2210-TWT, 2013 WL 6080439, *2 (N.D. Ga. Nov. 18, 2013) (emphasis in original)). This "ordinary" rule was reflected in the Federal Circuit's decision in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), and it was not disturbed by the Supreme Court's subsequent decision in *Halo,* 136 S. Ct. at 1935. *Cf. Mentor Graphics Corporation v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. Mar. 16, 2017) (citing *Seagate* for the proposition that, "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct," and then distinguished the *Seagate* because the relevant

conduct occurred *before* the declaratory judgment defendant filed counterclaims for infringement). As one district court recently noted:

> [T]he ... analysis as to the timing of allegations of willfulness (whatever the standard of willfulness) is a remedies issue, not an issue concerning the substantive standards of willfulness, and it presumably remains valid based on the independent authorities directly cited in ... Although a willful infringement plaintiff need no longer allege objective recklessness, he must allege some "egregious ... misconduct," *Halo Elecs., Inc.*, 136 S. Ct. at 1935, occurring before the initial claim of infringement was filed, otherwise his remedy will ordinarily be limited to a preliminary injunction.

*CG Technology Development, LLC v. 888 Holdings PLC*, No. 2:16-cv-00856-RCJ-VCF, 2017 WL 58572, *6 (D. Nev. Jan. 4, 2017); *see also Dorman Prods., Inc. v. PACCAR, Inc.*, 201 F.Supp.3d 663, 681 (E.D.Pa. 2016) ("Absent evidence of pre-filing willful infringement, a patentee who does not seek a preliminary injunction may not base a claim for willful infringement solely on the infringer's post-filing conduct").

Lilly respectfully submits that the Court should not enter an instruction on willful infringement. This was (and is) a hard-fought patent case on a patent claim of questionable validity; it would not be consistent with due process to penalize Lilly for asserting its defenses. The jury should not be influenced by having a willfulness instruction before them.

Dated: April 19, 2017

By: /s/*Jon B. Hyland*
Victor D. Vital
Bar No. 00794798
Jon B. Hyland
Bar No. 24046131
BARNES & THORNBURG LLP
2100 McKinney Avenue, Suite 1250
Dallas, Texas 75201
Telephone: (214) 258-4200
vvital@btlaw.com
jon.hyland@btlaw.com

Todd G. Vare

Jeff M. Barron
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 231-7735
todd.vare@btlaw.com
jeff.barron@btlaw.com

Felicia J. Boyd (admitted *pro hac vice*)
Anthony H. Son
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 333-2111
felicia.boyd@btlaw.com
anthony.son@btlaw.com

*Attorneys for Defendant
Eli Lilly and Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 19th day of April, 2017.

>*/s/ Jon B. Hyland*
>Jon B. Hyland