IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERFINDERGEMEINSCHAFT UROPEP GbR, §§§§§<br><br>*Plaintiff*, §§§<br><br>v. §§§<br><br>ELI LILLY AND COMPANY, §§§<br><br>*Defendant*. § | Case No. 2:15-CV-1202-WCB |

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of plaintiff Erfindergemeinschaft UroPep GbR ("UroPep") for an award of attorney fees in this case. Dkt. No. 369. Defendant Eli Lilly & Co. ("Lilly") opposes. The Court DENIES UroPep's motion.

Section 285 of the Patent Act, 35 U.S.C. § 285, authorizes district courts to award reasonable attorney fees to the prevailing party "in exceptional cases." In Octane Fitness LLC v. ICON Health & Fitness Inc., 134 S. Ct. 1749 (2014), the Supreme Court interpreted the term "exceptional case[]" to mean "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 1756. The Court added that "[t]here is 'no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised" in light of the circumstances. Id. (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)).

UroPep asserts two grounds in support of its request for a fee award: First, UroPep argues that after the Court's claim construction, Lilly's non-infringement position was entirely

meritless and that Lilly should not have put UroPep to the task of proving infringement at trial. Second, UroPep argues that Lilly's anticipation defense, which was based on a monograph by C.S. Cheung dealing with the herbal treatment of BPH, was meritless from the start and should not have been pressed at trial. Those two issues, according to UroPep, required UroPep to invest attorney time and resources prior to trial and at trial that should not have been necessary. Accordingly, UroPep requests a fee award to compensate it for the time and resources spent in addressing those two issues once it became clear that Lilly's position on those issues was without merit.

The Court concluded at trial, and concludes again now, that Lilly's positions on those two issues were weak, but not so weak as to render the case "exceptional" and justify an award of attorney fees. The Supreme Court in Octane Fitness made clear that fee awards are not to be made lightly, but are to be reserved for cases that are "uncommon, rare, or not ordinary," i.e., well out of the mainstream. Octane Fitness, 134 S. Ct. at 1756. In so doing, the Court adopted the test that had been used by the courts, including the Federal Circuit, since the 1952 Patent Act and before the Federal Circuit's decision in Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc., 393 F.3d 1378 (Fed. Cir. 2005). Under the pre-Brooks standard, courts had held that in assessing whether a case qualifies as "exceptional" under section 285, "the district court must look at the totality of the circumstances." Octane Fitness, 134 S. Ct. at 1754 (quoting Yamanouchi Pharm. Co. v. Crystal Chem. Co., 231 F.3d 1339, 1347 (Fed. Cir. 2000)). Applying the standard from Octane Fitness, this Court holds that this case is not "exceptional" and does not warrant an attorney fee award.[1]

---

[1] The district court's decision in Cognex Corp. v. Microscan Sys., Inc., No. 13-cv-2027, 2014 WL 2989975 (S.D.N.Y. June 30, 2014), on which UroPep relies for the proposition that fees may be awarded for meritless arguments, is distinguishable. In that case, the district court

### 1. Lilly's Non-Infringement Position

UroPep argues that Lilly had no defense to UroPep's infringement claim following the Court's February 2017 order in which the Court clarified that the claim term "an inhibitor of phosphodiesterase (PDE) V" meant a compound that was at least 20 times more selective for PDE5 than for PDE1 through PDE4. At that point, according to UroPep, Lilly should have conceded infringement, at least (presumably) if it could do so while preserving its position on claim construction. UroPep contends that Lilly's decision to force UroPep to litigate the issue of infringement after the Court's February 2017 order rendered the case exceptional.

It is true that the Court in its February 2017 summary judgment order rejected several of Lilly's non-infringement arguments, including its argument that tadalafil, the active ingredient in Cialis, is not a PDE5 inhibitor within the meaning of the '124 patent because it is not more than 20 times more selective for PDE5 than for PDE11. Dkt. No. 234, at 13-16. Nonetheless, as the Court pointed out in its summary judgment order, Lilly still had available to it the argument that in order to prove infringement, UroPep had to prove that Cialis was administered to patients with BPH (i.e., lower urinary tract symptoms associated with an enlarged prostate), not simply to patients with lower urinary tract symptoms not associated with an enlarged prostate. Id. at 17-18.

At trial, Lilly sought to defend against the infringement claim based on its contention that UroPep had failed to prove that Cialis was administered to patients to treat BPH, rather than to treat those not having BPH but having lower urinary tract symptoms not associated with an

---

noted that the defendants' infringement was willful, and the court found that the defendants had engaged in unreasonable litigation tactics. The court accordingly held that the defendants should be required to cover the plaintiffs' attorney fees "related to litigation tactics taken by defendants that have contributed unnecessarily to plaintiffs' expenses in defending its patent." Id. at *4. In this case, the Court has held that Lilly did not engage in willful infringement and has not found that Lilly has engaged in litigation misconduct.

enlarged prostate. Developing that theory of defense occupied a significant part of Lilly's cross-examination of UroPep's physician witness, Dr. Sliwinski. By questioning Dr. Sliwinski as to how he diagnosed BPH before prescribing Cialis, Lilly attempted to show that doctors who prescribe Cialis for patients with lower urinary tract symptoms are not necessarily using Cialis to in fact treat BPH, because many of their patients may be suffering from lower urinary tract symptoms not associated with an enlarged prostate. That theory, if credited by the jury, could have resulted in a reduction of Lilly's infringement liability or, conceivably, a decision by the jury that UroPep had not proved infringement at all. Moreover, Lilly alluded to that theory during its closing argument, although it did not press the theory at that time beyond asking the jury to make its own determination on that issue. See Dkt. No. 346, Trial Tr. 1482. The jury apparently did not accept that theory, instead inferring that doctors properly diagnose BPH before prescribing Cialis for a BPH indication. Nonetheless, the theory was not frivolous, and the Court is not disposed to hold that Lilly was required to abandon that theory (and its non-infringement defense in general) following the Court's summary judgment ruling or be required to pay UroPep's attorney fees for the cost of putting on its infringement case.

It is significant that UroPep is seeking fees for being required to prove an issue on which it bore the burden of proof. Lilly in effect said to UroPep: "It is your burden to prove infringement: Do it. And if your proof falls short in some respect, we will be entitled to judgment even in the absence of any affirmative evidence of non-infringement from our side." UroPep emphasizes that its burden of proof on infringement—proof by a preponderance of the evidence—was not overly demanding. But UroPep cites no cases awarding attorney fees in a similar situation—that is, against the party without the burden of proof who declines to concede on an issue at or before trial. Compare, e.g., Homeland Housewares, LLC v. Sorensen Research,

581 F. App'x 877, 881 (Fed. Cir. 2014) (affirming fee award where patentee "appeared unprepared or unwilling to satisfy its burden" and "failed to produce its own admissible evidence of infringement"); Cartner v. Alamo Grp., Inc., 561 F. App'x 958, 965-66 (Fed. Cir. 2014) (affirming fee award where plaintiff patent holder advanced frivolous infringement argument); Intex Corp. v. Team Worldwide Corp., 77 F. Supp. 3d 217 (D.D.C. 2015) (awarding fees against patent holder defendant in declaratory judgment action, where patent holder refused to stipulate to non-infringement after claim construction made clear that plaintiff's products did not infringe).[2]

Notwithstanding the absence of authority supporting UroPep's position, the Court is not prepared to conclude that an attorney fee award would never be appropriate when the first party requires the second party with the burden of proof to prove its case, and the first party does not introduce countervailing evidence. Moreover, in this case the Court regards the jury's verdict on infringement as fully supported by the evidence and the law. Nonetheless, the Court is persuaded that Lilly's position on non-infringement did not render this case exceptional, as that term is used in section 285.

**2. Lilly's Anticipation Defense**

UroPep's second argument is that Lilly's anticipation defense based on the Cheung reference regarding the use of Horny Goat Weed as a treatment for BPH was manifestly meritless and justifies an attorney fee award to compensate UroPep for the time and expense of having to meet that defense. As in the case of Lilly's non-infringement position, the Court is

---

[2] In an action for a declaratory judgment of noninfringement, the defendant patent holder bears the burden of proving infringement. See Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 849 (2014). For that reason, the Intex case, cited by UroPep, is not one in which the party with the burden of proof was able to obtain an attorney fee award from the opposing party when the opposing party failed to concede the issue and instead put the party with the burden to its proof.

persuaded that the jury was fully justified in rejecting Lilly's anticipation defense. Nonetheless, the Court concludes that Lilly's reliance on that defense was not so clearly unwarranted as to render this case exceptional and call for an attorney fee award.[3]

Lilly is correct that the herb epimedii, or Horny Goat Weed, contains icariin, which is a selective PDE5 inhibitor. It is also true that the Cheung reference recommends the ingestion of Horny Goat Weed to treat BPH, and that the Cheung reference antedates the priority date of the '124 patent. Cheung reports that in a clinical study of 34 patients, the herbal treatment of what Cheung calls "prostate hypertrophy," i.e., BPH, produced positive results in 32 patients—more than 90 percent of the patients tested. Moreover, Lilly's expert, Dr. Claus Roehrborn, interpreted the pertinent passage of the Cheung reference to mean that "34 patients were given the PDE5 inhibitor contained in herba epimedii, and it was found to have been an effective amount by their response." Dkt. No. 342, Trial Tr. 559.

The principal problem with the Cheung reference is that the language of the critical passage of Cheung is ambiguous enough that it is not clear that Cheung's discussion of Horny Goat Weed inherently anticipates the claims of the '124 patent.[4] In particular, the list of herbal ingredients that were used in the study suggests that Horny Goat Weed (epimedii) was found in

---

[3] UroPep also raises a timeliness challenge to Lilly's argument regarding the merits of its anticipation defense. In its response brief, filed on June 14, 2017, Lilly incorporated by reference the substantive argument on anticipation that it filed in its motion for judgment as a matter of law, which was filed the following day, on June 15, 2017. The Court finds that the delay of one day in the submission of the incorporated argument is not prejudicial, as it did not materially affect UroPep's right to respond to the substance of Lilly's anticipation arguments. The Court therefore will consider the incorporated material from Lilly's JMOL motion in its analysis of the parties' arguments about the role of Lilly's anticipation defense in UroPep's fee request.

[4] At trial, UroPep also challenged the status of Cheung as a printed publication, arguing that the Cheung reference was not "sufficiently accessible to the public interested in the art" to be considered a printed publication under 35 U.S.C. § 102. UroPep has not raised the printed publication issue as a ground for an award of attorney fees under section 285.

some, but not all, of the formulations given to the 34 patients. Indeed, Dr. Roehrborn acknowledged at trial that the Cheung reference indicated that "at least some" of the 34 patients in the study received Horny Goat Weed. Dkt. No. 342, Trial Tr. 554.

That admission by Dr. Roehrborn highlights a flaw in Lilly's anticipation case—the Cheung reference did not make it unambiguously clear how many, if any, of the patients who were administered Horny Goat Weed were among the 32 patients in the study as to whom the study was shown to be "effective." UroPep alluded generally to that issue in its rebuttal summation, although it argued, incorrectly, that the language of the Cheung reference raised a question whether the herbal epimedii "was actually administered to a patient." The evidence was sufficient to show that at least some patients received Horny Goat Weed; the gap in the proof was over whether those patients who received Horny Goat Weed were among the patients who showed improvement following their treatment.

In light of the ambiguity in the Cheung reference, among other problems with Lilly's anticipation theory, it is not surprising that the jury found Lilly had failed to prove anticipation. However, the Court is not persuaded that Lilly's anticipation defense was so manifestly meritless as to render the case exceptional. It is not fanciful to characterize the evidence as permitting a finder of fact to conclude that Horny Goat Weed contains a sufficient amount of a PDE5 inhibitor such that, under the right circumstances, it could have some ameliorative effect on BPH. And the jury could conceivably have credited Dr. Roehrborn's testimony that Cheung should be interpreted to mean that among the patients in the study who were given Horny Goat Weed, the amount administered was found to be effective.

In sum, although Lilly's anticipation defense was weak and ultimately unconvincing to the jury, Lilly's effort to use the Cheung monograph as an anticipating reference was not beyond

the pale.  The Court also finds that Lilly's decision to press its anticipation defense did not constitute litigation misconduct.  Based on the totality of the circumstances, the Court declines to award attorney fees for UroPep's efforts to respond to Lilly's anticipation defense.

\*                              \*                              \*

The same day that Lilly filed its sur-reply brief in response to UroPep's motion for attorney fees, the Federal Circuit issued its opinion in AdjustaCam, LLC v. Newegg, Inc., No. 16-1882, 2017 WL 2854387 (Fed. Cir. July 5, 2017), reversing the denial of a motion for attorney fees in another case originating from this district.  The Federal Circuit in the AdjustaCam case concluded that the record there showed that the plaintiff (1) maintained its infringement case even though, as applied to the defendant's products, the infringement case was baseless after the district court's claim construction; (2) behaved "dubious[ly]" in litigating the case; and (3) applied a damages model that extracted nuisance-value settlements from many defendants while "continu[ing] to press baseless infringement contentions."  Id. at \*6-7.  "Based on the totality of these case-specific circumstances," the court reversed and remanded the case for entry of an award of attorney fees.  Id. at \*7, \*16.

The facts of this case do not rise to the level of the "case-specific circumstances" that the Federal Circuit identified in AdjustaCam.  First, in its fee motion UroPep has taken issue with the merits of Lilly's positions on infringement and anticipation, but not Lilly's manner of litigating this case.  Moreover, with respect to the merits of issues raised in the district court, it is not enough for a party's position to be rejected.  Octane Fitness requires that "the substantive strength of a party's litigating position" be exceptional, as "one that stands out from others."  134 S. Ct. at 1756.  "A case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from the mine-run of cases to warrant a fee award."  Id. at 1757;

see also SFA Sys., LLC v. Newegg Inc., 793 F.3d 1344, 1348 (Fed. Cir. 2015) (a losing party's position that is "not so meritless as to 'stand out' from the norm" is not exceptional); Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc., 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("[F]ees are not awarded solely because one party's position did not prevail."); iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1378 (Fed. Cir. 2011) ("Though iLOR was ultimately unsuccessful in its patent infringement suit, Google has not met its high burden to show . . . that this suit was brought frivolously or that iLOR's position on claim construction was objectively baseless."). Lilly lost on both infringement and anticipation, but its positions were not exceptional. Compare, e.g., Stragent, LLC v. Intel Corp., No. 6:11-cv-421, 2014 WL 6756304, at *5 (E.D. Tex. Aug. 6, 2014) ("In hindsight, [the plaintiff's] validity argument was certainly not a winning position, but the disputes between the parties over invalidity and related claim construction questions were certainly real and substantial. . . . [T]he mere fact that a party makes losing arguments is not relevant to the awarding of attorney's fees."); NexusCard, Inc. v. Brookshire Grocery Co., Case No. 2:15-cv-961, 2016 WL 6893704, at *3 (E.D. Tex. Nov. 23, 2016) ("Since Octane, district courts tend to award fees based on substantive weakness when a party fails to adduce any evidence to support its position or the party advances a position conclusively contradicted by the evidence."); Small v. Implant Direct Mfg. LLC, No. 06-683, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014) ("[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims."), aff'd, 609 F. App'x 650 (Fed. Cir. 2015).

Neither Octane Fitness nor AdjustaCam stands for the proposition that a party that loses on an issue (or in the case as a whole) must necessarily pay the opposing party's fees. See also SFA Sys., 793 F.3d at 1348 (exceptional case determination depends on the "substantive *strength*

of the party's litigating position . . . not the *correctness* or eventual success of that position"); DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc., No. 2:12-cv-764, 2015 WL 1284669, at *5 (E.D. Tex. Mar. 20, 2015) ("In evaluating whether a party has taken unreasonable litigating positions, it is important to note that the fact that a party's position does not prevail . . . is insufficient by itself to warrant an award of fees."); Trover Grp., Inc. v. Dedicated Micros USA, Case No. 2:13-cv-1047, 2015 WL 4910875, at *3 (E.D. Tex. Aug. 17, 2015) (same; "Hikvision must show that Trover's positions (individually or taken as a whole) were frivolous or objectively baseless"); Bianco v. Globus Med., Inc., Case No. 2:12-cv-147, 2014 WL 1904228, at *2 (E.D. Tex. May 12, 2014) ("[T]he fact that the Court ruled against Dr. Bianco on [the inventorship] issue does not mean that Globus has shown that Dr. Bianco's claim was frivolous or otherwise exceptionally meritless."); EON Corp. IP Holdings LLC v. Cisco Sys., Inc., No. 12-1011, 2014 WL 3726170, at *5-6 (N.D. Cal. July 25, 2014) (holding that while the plaintiff's argument was "quite stretched, such that few patentees would pursue it," the defendants failed to establish "that this is the sort of 'extraordinary' case requiring fee-shifting").

After considering the totality of the circumstances, the Court has concluded that this case does not satisfy the high standard that the Supreme Court adopted in Octane Fitness for the award of attorney fees in patent cases. UroPep's motion for an award of attorney fees for its work on its claim of infringement (following the Court's February 2017 summary judgment order) and for its work in responding to Lilly's defense of anticipation is therefore denied.

IT IS SO ORDERED.

SIGNED this 18th day of July, 2017.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

- 11 -