IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ERFINDERGEMEINSCHAFT UROPEP GbR, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:15-CV-1202-WCB |
| ELI LILLY AND COMPANY, | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Erfindergemeinschaft UroPep GbR ("UroPep") has moved for entry of a bill of costs in this case. Dkt. No. 377. Defendant Eli Lilly and Company opposes in part. Dkt. No. 384. The motion is GRANTED IN PART and DENIED IN PART.

The parties have agreed on the bulk of the issues pertaining to costs, and they have settled on an award in the amount of $100,485.08 for the unopposed costs in this case. Seeing no reason to question the terms of the agreement of the parties on that portion of the award of costs, the Court will order Lilly to pay UroPep that amount.

Two items remain in dispute. The first is the expense of the technology tutorial prepared by UroPep in connection with the claim construction proceedings. The second is the expense associated with the use of graphics and demonstratives at trial. The total amount that UroPep claims for those two items is $106,831.63.

UroPep argues that it is entitled to an award of its expenses in connection with those two items under 28 U.S.C. § 1920(4), which provides for costs to be taxed for "fees for exemplification and copies of papers necessarily obtained for use in the case." In particular,

UroPep contends that its expenses fall within the meaning of the term "exemplification," as used in section 1920.

Fifth Circuit law governs the issue of costs in a patent case. See CBT Flint Partners, LLC v. Return Path, Inc., 737 F.3d 1320, 1325 (Fed. Cir. 2013); In re Ricoh Co., Ltd. Patent Litig., 661 F.3d 1361, 1364 (Fed. Cir. 2011). Both the Supreme Court and the Fifth Circuit have emphasized that section 1920 is to be strictly construed, and that costs that do not fall within the literal terms of the statute are not to be awarded.

In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), the Supreme Court held that section 1920 strictly limits the types of costs that may be awarded to a prevailing party. Id. at 440-41. Citing an earlier case that referred to the predecessor of section 1920, the Court wrote that the "comprehensive scope of the [prior] Act and the particularity with which it was drafted demonstrated that Congress meant to impose rigid controls on cost-shifting in federal courts." Id. at 444. See also Taniguchi v. Kan Pac. Saipan, Ltd., 132 S. Ct. 1997, 2006 (2012) (referring to "the narrow scope of taxable costs" allowed by section 1920: "[t]axable costs are limited to relatively minor, incidental expenses"; "[b]ecause taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920").

The Fifth Circuit has followed the Supreme Court's lead, noting that "[t]he Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary," and that the Supreme Court has admonished "that we strictly construe this provision." Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 529-30 (5th Cir. 2001). See also Coats v. Penrod Drilling Corp., 5 F.3d

877, 891 (5th Cir. 1993) ("28 U.S.C. § 1920 defines recoverable costs, and a district court may decline to award the costs listed in the statute but may not award costs omitted from the list.").

Consistent with the "strict construction" given to section 1920 by the Supreme Court and the Fifth Circuit, the Federal Circuit has construed the term "exemplification" narrowly to be limited to "an official transcript of a public record, authenticated as a true copy for use as evidence." Summit Tech., Inc. v. Nidek Co., 435 F.3d 1371, 1374-78 (Fed. Cir. 2006) (denying an award of costs for the fee of a consultant who assisted counsel in preparing trial exhibits, including computer animations, videos, powerpoint presentations and graphic illustrations); Kohus v. Toys 'R' Us, Inc., 282 F.3d 1355. 1359 (Fed. Cir. 2002) (denying an award of costs for a video animation used at trial). Although in those cases the Federal Circuit was applying the law of the First and Sixth Circuits, respectively, the Fifth Circuit employs the same restrictive approach.[1] Thus, in Coats v. Penrod Drilling Corp., 5 F.3d at 891, the Fifth Circuit held that the expenses for certain "blow-ups" used at trial were "not included in § 1920 and therefore are not recoverable." And in Johns-Manville Corp. v. Cement Asbestos Prods. Co., 428 F.2d 1381, 1385 (5th Cir. 1970), the court held that, absent prior approval from the court, the expenses of producing certain models and charts used at trial could not be assessed as costs. See also Gagnon v. United Technisource, Inc., 607 F.3d 1036, 1045 (5th Cir. 2010) ("federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary"); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 335 (5th Cir. 1995) (absent pretrial approval from the court, production costs for exhibits may not be assessed as costs); Webster v. M/V Moolchand, Sethia Liners, Ltd., 730 F.2d 1035, 1040 (5th

---

[1] As does the Eleventh Circuit, applying former Fifth Circuit law. See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1297 (11th Cir. 2001) (applying the former Fifth Circuit precedent to conclude that "exemplification" does not include videotapes or computer animations).

Cir. 1984) (the language of section 1920 "seems to preclude its extension beyond the payment of the actual cost of exemplification and reproduction of copies"); Mobile Telecomms. Techs., LLC v. Samsung Telecomms. Am., LLC, No. 2:13-cv-259, 2015 WL 5719123, at *2-3 (E.D. Tex. Sept. 28, 2015) (construing "exemplification" narrowly, consistent with Fifth Circuit precedents); Kellogg Brown & Root Int'l v. Altanmia Commercial Mktg. Co., Civil Action No. H-07-2684, 2009 WL 1457632, at *4 (S.D. Tex. May 26, 2009) (Rosenthal, J.) (Fifth Circuit "follows the narrow approach" in defining "exemplification"). Those principles require the Court to hold that neither of UroPep's two disputed cost items constitute "exemplifications" within the meaning of section 1920(4).

**1. The Technology Tutorial**

UroPep first asserts that it is entitled to an award of its expenses for the technology tutorial it prepared in connection with the claim construction proceedings. That claim is meritless.

Attempting to find support from a line of Fifth Circuit cases that have allowed certain expenses to be chargeable as costs if they were approved in advance by the district court, UroPep asserts that the Court "solicited" (Dkt. No. 377, at 5) and "invited" (id. at 6 n.6; see also Dkt. No. 386, at 5) technology tutorials. That is simply not true. The only support UroPep cites for those assertions is the Court's sequence of docket control orders, which provided, in pertinent part, for a deadline to "Submit Technical Tutorials (if any)." Dkt. No. 71, at 3; Dkt. No. 96, at 3; Dkt. No. 104, at 3. That is not an "invitation" or a "solicitation" for technology tutorials; it is a provision that allows the parties to file tutorials if they wish, and gives them a deadline for filing them if they choose to do so.

4

If there were any doubt on that score, it should have been clear from Judge Payne's opinion in DSS Technology Management Inc. v. Taiwan Semiconductor Manufacturing Co., No. 2:14-cv-199, 2016 WL 5942316 (E.D. Tex. Oct. 13, 2016). In that case, Judge Payne denied a motion to include the expenses of a technology tutorial in the prevailing party's award of costs. The court discussed the language of the docket control order in that case, which is identical to the language of the docket control order in the present case. He explained that, contrary to the defendant's argument, the docket control order, "which permitted the parties to 'Submit Technical Tutorials (if any)'" by a particular date "simply extended the deadline to submit any tutorials that that the parties wished to submit. . . . The Court did not require a tutorial." Id. at *7. The same is plainly true here.[2]

Stripped of the "prior approval" contention, UroPep's argument collapses. Under no plausible interpretation does a video technology tutorial qualify as an "exemplification" within the meaning of section 1920(4). See Mobile Telecomms. Techs., LLC, 2015 WL 5719123, at *2-3. And there is no other subsection of section 1920 that is remotely applicable to the technology tutorial. UroPep chose to offer the technology tutorial for its own purposes, seeking to improve its position in the claim construction proceedings. Nothing in the policies undergirding the costs statute justifies shifting the cost of that choice to UroPep's adversary.

---

[2] UroPep cites this Court's opinion in Kroy IP Holdings, LLC v. Safeway, Inc., No. 2:12-cv-800, 2015 WL 4776501, at *2 (E.D. Tex. Aug. 13, 2015), where the Court denied a request for costs for the expenses of a technology tutorial, but noted in passing that "[c]osts for technical tutorials may be recoverable in cases involving complicated technical matters, where the tutorials are 'reasonably necessary to assist the Court in understanding the issues.'" The cases cited in support of that proposition, however, were both cases in which the court had requested technology tutorials, which was not true here. Moreover, this case did not involve complex technology as to which a technology tutorial was likely to be helpful, and for that reason, the Court saw no reason to request one or to encourage the parties to submit one.

The request for an award of costs for the expense of preparing the technology tutorial is denied.

**2. The Demonstratives and the PDE5 Models Used at Trial**

Similar analysis applies to UroPep's argument that it should be awarded costs for the expenses UroPep incurred in preparing the demonstratives it used at trial, including the models of the PDE5 molecule that UroPep used during the testimony of its expert witness. Those expenses included, according to UroPep, the services of a consultant (together with off-site support) both before and during the trial.

The problem with UroPep's argument is that models and demonstratives used at trial but not introduced into evidence do not fit within the definition of "exemplifications." Moore's Federal Practice explains that recoverable "exemplification" costs "may include the expense of a computerized, multi-media system employed to present exhibits to the jury, if that system is reasonably necessary for the presentation of information." 10 James Wm. Moore, Moore's Federal Practice ¶ 54.103[3][d], at 54-203 (3d ed. 2017). But "a video exhibit or a physical model may not qualify as an 'exemplification' if it is essentially explanatory and argumentative, serving merely as an aid to the argument of counsel and the explanations of expert witnesses. Similarly, the costs of computer animations, videos, Powerpoint presentations, and graphic illustrations used to explain the case to the jury and the trial court do not qualify as 'exemplification' costs recoverable under § 1930(4)." Id. UroPep's demonstratives and models fall within the second of Professor Moore's categories, not the first.

The Fifth Circuit has on several occasions indicated that expenses for such items do not fall within the scope of recoverable costs, at least absent prior approval from the court. In Coats v. Penrod Drilling Corp., 5 F.3d at 891, the Fifth Circuit rejected a request for an award of costs

6

for "blow-ups," among other expenses, on the ground that "[t]hese expenses are not included in § 1920 and therefore are not recoverable." Similarly, in <u>Studiengesellschaft Kohle mbH v. Eastman Kodak Co.</u>, 713 F.2d 128, 132-33 (5th Cir. 1983), the court rejected a request for an award of costs for the preparation of "charts, models, and photographs" on the ground that "since there is no statutory provision for the award of costs for charts, models and photographs, they may be taxed as costs only if there is a pretrial authorization by the trial court." And in <u>Johns-Manville Corp. v. Cement Asbestos Products Co.</u>, 428 F.2d at 1385, the court rejected a request for an award of costs for "models and charts," holding that because "no prior approval [was] obtained from the Court by CAPCO to produce the models and charts in question, the costs must be disallowed." See also <u>Kroy IP Holdings, LLC v. Safeway, Inc.</u>, No. 2:12-cv-800, 2015 WL 4776501, at *3 (E.D. Tex. Aug. 13, 2015); <u>Alzheimer's Inst. of Am., Inc. v. Avid Radiopharms.</u>, No. 10-6908, 2016 WL 1161349, at* 1 (E.D. Pa. Mar. 23, 2016) (citations omitted) ("Material that is 'essentially explanatory and argumentative' does not qualify as taxable exemplification. . . . Visual aids used in counsel's arguments and in the testimony of expert witnesses are not taxable."); <u>Akanthos Capital Mgmt., LLC v. Compucredit Holdings Corp.</u>, 2 F. Supp. 3d 1306, 1308 (N.D. Ga. 2014) ("Defendants are not entitled to an award of the costs of graphics and technology consulting services," which do not "fit into the exemplification category."); <u>Scaramucci v. Universal Mfg. Co.</u>, 234 F. Supp. 290, 291-92 (W.D. La. 1964) (expenses in producing models and charts used in connection with expert's testimony are not chargeable as costs).

      Nor is the fact that the parties exchanged demonstratives in advance of their use at trial helpful to UroPep. The exchange of demonstratives was designed to avoid disputes during the trial over the contents of the demonstratives; the court-directed schedule for disclosing

7

demonstratives to the opposing party did not constitute court approval of the use of demonstratives that would make those items subject to the provisions of the costs statute.[3] The Fifth Circuit rejected a similar argument in Louisiana Power & Light, where it ruled that "[r]equiring the exchange of exhibits prior to trial does not imply authorization of production of those exhibits." 50 F.3d at 335.

To be sure, UroPep has cited several cases from this district in which courts have awarded costs for audio/visual services and graphics used at trial: Motio, Inc. v. BSP Software LLC, No. 4:12-cv-647, 2016 WL 4430452 (E.D. Tex. Aug. 22, 2016); Cheetah Omni LLC v. Alcatel-Lucent USA Inc., No. 6:11-cv-390, 2014 WL 1151136 (E.D. Tex. Apr. 15, 2014); Realtime Data, LLC v. T-Mobile USA, Inc., No. 6:10-cv-493, 2013 WL 12156681 (E.D. Tex. May 1, 2013); Eolas Techs. Inc. v. Adobe Sys., Inc., 891 F. Supp. 2d 803 (E.D. Tex. 2012); Synqor, Inc. v. Artesyn Techs., Inc., No. 2:07-cv-497, 2011 WL 4591893 (E.D. Tex. Sept. 30, 2011); Finisar Corp. v. DirecTV Grp., Inc., No. 1:05-cv-264, 2006 WL 2699732 (E.D. Tex. Aug. 4, 2006).[4] A close examination of those cases, however, shows that the cited line of authority is not as supportive of UroPep's position as UroPep contends.

---

[3] Although the Court made clear early in the proceedings that it expected the parties to exchange any demonstratives they intended to use in advance of their use at trial, the Court at the same time expressed skepticism about the use of demonstratives. Although the Court did not prohibit the parties from using them at trial, it hardly can be said to have encouraged or endorsed their use. See Dkt. No. 231, at 246-47 ([T]he use of demonstratives [is] sort of a beast that has been created by practice more than anything else. But there is often a dispute about whether the demonstratives are accurate and so forth. So with respect to demonstratives that you plan to use, I'm not going to say you can't use them. But I would insist that they be presented to the other side for consideration the day before, usually after court the day before so that any objection can be lodged.").

[4] UroPep cites this Court's order in Versata Software, Inc. v. Internet Brands, Inc., No. 2:08-cv-313 (E.D. Tex. Oct. 9, 2012), in support of its argument that the expenses of preparing demonstratives should be chargeable as costs. In that case, however, the parties agreed on all the items that should be included in the bill of costs, so the Court had no occasion to decide whether

In several of the cited cases, the party opposing the assessment of costs conceded that some of the costs of a technical trial support vendor were recoverable and disputed only the amount of the costs. See Motio, 2016 WL 4430452, at *12 (defendants agreed to cover costs of on-site support, which court ordered); Synqor, 2011 WL 4591893, at *3 (defendants accepted inclusion of audio and visual professional services for trial time; court directed that the costs award include some trial preparation time as well). In Cheetah Omni, the plaintiff objected to an award of costs for audio/visual services because the case did not go to trial and because some of the expenses were related to the video synchronization of depositions. See No. 6:11 cv-390, 2014 WL 1141136, at *5. But the plaintiff in that case did not argue that such audio/visual services are not "exemplifications" within the meaning of section 1920(4). See No. 6:11-cv-390, Dkt. No. 448, at 11-12 (E.D. Tex. Mar. 10, 2014). Similarly, in the Realtime Data case, the party opposing the assessment of costs did not object to the award of costs for audio and video services per se, but only objected to the amount of the requested award for those services. See No. 6:10-cv-493, 2013 WL 12156681, at *3. The plaintiff in that case argued only that the amount requested for the audio-visual services was excessive, and the court agreed. No. 6:10-cv-493, Dkt. No. 667, at 6-8 (E.D. Tex. Apr. 29, 2013). Likewise, in Eolas the plaintiffs did not argue that the expenses of professional support for audio and video services performed during the trial were not compensable. See No. 6:09-cv-446, Dkt. No. 1404 (E.D. Tex. Apr. 26, 2012). And in the Finisar case, the court treated its pretrial directions to the parties to agree upon an efficient manner of presenting the case to the jury as prior authorization for the use of professional trial technicians "to present nearly every aspect of the case." No. 1:05-cv-264, 2006 WL 2699732, at *2 (citing the "prior authorization" rationale of J.T. Gibbons, Inc. v. Crawford Fitting Co., 760

---

particular components of the cost award could have been challenged as beyond the scope of section 1920.

F.2d 613, 615 (5th Cir. 1984)).  As noted, there was no such prior authorization, express or implied, for the use of demonstratives or models in this case.[5]

Based on the language of section 1920 and the interpretation of that statute by the Supreme Court and the Fifth Circuit, this Court concludes that the expenses associated with preparing the graphics, demonstratives, and models of the PDE5 molecule are not compensable costs that can be awarded to UroPep.

IT IS SO ORDERED.

SIGNED this 18th day of July, 2017.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

---

[5] In its reply brief, UroPep cites the Federal Circuit's non-precedential opinion in Deere & Co. v. Duroc LLC, 650 F. App'x 779, 782 (Fed. Cir. 2016), which upheld a decision by a district court in Iowa that awarded costs for "trial technology specialists and demonstrative exhibits."  It is not clear from the papers in that case whether the "demonstrative exhibits" were actual exhibits at trial or merely demonstratives that were used at trial without being introduced into evidence.  In any event, Eighth Circuit law, not Fifth Circuit law, governed the award of costs in that case, and the appellee cited Eighth Circuit law that adopted a broad reading of the term "exemplification" in section 1920, as opposed to the narrow reading of that term applied in the Fifth Circuit.  See Brief of Defendants-Appellees Alamo Group Inc. and Bush Hog, Inc., Deere & Co. v. Duroc LLC, No. 2014-1697, 2015 WL 1396709, at *29 (Fed. Cir., filed Mar. 17, 2015) (citing Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763 (8th Cir. 2006) (awarding costs for "materials prepared for trial in this action—such as graphic and visual aids, as well as materials prepared for electronic display")).